UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARLAND W. WILLIAMSON, JR.                        CIVIL ACTION

VERSUS                                                                       NUMBER: 15-2096

MR. JERRY LARPENTER, SHERIFF                    SECTION: "H"(5)
OF TERREBONNE PARISH; ET AL.

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Garland W. Williamson, Jr., against Defendants, Terry Larpenter, Sheriff of Terrebonne Parish; Michel Claudet, President of the Terrebonne Parish Consolidated Government; Claude Triche, Warden of the Terrebonne Parish Criminal Justice Complex ("TPCJC"); and, Richard "Petey" Neal, the Medical Administrator of TPCJC. (Rec. doc. 5, pp. 1, 4). Plaintiff, an inmate of TPCJC at the time that suit was filed, complained of a lack of adequate dental care and various other conditions of confinement that allegedly existed at that penal facility. (Rec. doc. 5).

On June 25, 2015, the Court granted Plaintiff's application to proceed IFP in this matter, with a copy of the order allowing him to so proceed being mailed to his address of record, TPCJC, and also to prison banking officials at TPCJC. (Rec. doc. 6). By letter dated June 30, 2015, TPCJC officials advised the Court that plaintiff had been released from their custody on June 25, 2015. (Rec. doc. 8). Subsequently, on July 6, 2015, the copy of the Court's order allowing Plaintiff to proceed IFP as well as a second piece of Court-generated mail that was mailed to him at TPCJC were returned to the Court as undeliverable. (Rec. docs. 9, 10). It has now been over 35 days since those undeliverable pieces of mail were

returned to the Court and no address change/correction has been forthcoming from Plaintiff.

In the interim, one of the named Defendants, Medical Administrator Neal, had filed a motion seeking the dismissal of Plaintiff's claims against him under Rule 12(b)(6), Fed. R. Civ. P. (Rec. doc. 18). In the memorandum supporting that motion, counsel for Neal advised that after being released form TPCJC on June 15, 2015, Plaintiff was re-arrested on July 12, 2015 and was returned to custody, reportedly attending a requested dental appointment on July 23, 2015. (Rec. doc. 18-1, p. 2). Given the somewhat transient nature of Plaintiff's custodial status, the Court's staff contacted counsel for the Sheriff and the Warden and was informed that Plaintiff had been released from TPCJC again on August 15, 2015, providing no valid forwarding address. As of today's date, Plaintiff has not provided the Court with a correct, updated mailing address.

Local Rule 11.1 provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 41.3.1 further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of a current ... postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return." The foregoing Rules impose an affirmative obligation on parties to keep the Court apprised of their current mailing addresses and relieves court personnel of that burden. *See Lewis v. Hardy*, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007), *cert. denied*, 552 U.S. 1246, 128 S.Ct. 1479 (2008); *Thomas v. Parker*, No. 07-CV-9450, 2008 WL 782547 (E.D. La. March 19, 2008); *Batiste v. Gusman*, No. 07-CV-1136, 2007 WL 1852026 (E.D. La. June 26, 2007).

The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." *Perkins v. King*, 759 F.2d 19 (5th Cir. 1985)(table).[1] Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order. *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978).

As noted above, Plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1. Plaintiff acknowledged his obligation in that regard when he signed his complaint, the last page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 1, p. 5). The Court must therefore assume that Plaintiff has no further interest in prosecuting this case. As Plaintiff is proceeding *pro se* in this matter, this failure is attributable to him alone.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1 and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14

---

[1] While the vast majority of information between the Court and litigants is now transmitted electronically via the CM/ECF system, communications between the Court and *pro se* prisoners are still conducted primarily by mail.

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

New Orleans, Louisiana, this  2nd  day of _____September_____, 2015.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　MICHAEL B. NORTH
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE